UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE J. LEIB,

    Plaintiff,

v.

NESTLE' PURINA PETCARE COMPANY,
FRANCHISE GROUP NEW HOLDCO, LLC,
and PET SUPPLIES "PLUS", LLC,

    Defendants.
_____/

Case No. 23-cv-10728

U.S. District Court Judge
Gershwin A. Drain

### OPINION AND ORDER GRANTING DEFENDANT FRANCHISE GROUP NEW HOLDCO, LLC'S MOTION TO DISMISS (ECF No. 3) AND ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HIS CLAIMS AGAINST NESTLE' PURINA PETCARE COMPANY SHOULD NOT BE DISMISSED UNDER FED. R. CIV. P. 4(m) OR FED. R. CIV. P. 41(b)

**I.   INTRODUCTION**

On December 29, 2022, Plaintiff Lawrence J. Leib ("Plaintiff") initiated a civil action against Defendants Nestle' Purina Petcare Company ("Nestle"), Franchise Group New Holdco, LLC ("Holdco"), and Pet Supplies "Plus", LLC ("PSP") (collectively, "Defendants") in the Oakland County Circuit Court, *Leib v. Nestle Purina Petcare*, Case No. 2023-197991-NZ (Oakland Cnty. Cir.) (the "State

Court Action"). *See* ECF No. 1-1. Plaintiff alleges that his award-winning dog died after eating dog food manufactured and distributed by Nestle and warehoused and sold by Holdco doing business as PSP. *Id.* at PageID.7–8.

Holdco and PSP were notified of the State Court Action on February 27, 2023 after Plaintiff left a copy of the Complaint at one of their independently owned and operated franchise locations. ECF No. 1, PageID.2. They then timely removed the matter to this Court on March 28, 2023 on the basis of diversity jurisdiction. *See* ECF No. 1. Presently before the Court is Holdco and PSP's Motion to Dismiss, filed on April 4, 2023. *See* ECF No. 3. Plaintiff has not filed a response to this motion and the time for doing so has more than passed. *See* E.D. Mich. LR 7.1(e). Accordingly, for the following reasons, the Court will **GRANT** Holdco and PSP's unopposed Motion to Dismiss. The Court will order Plaintiff to **SHOW CAUSE** why his claims against Nestle should not be dismissed under Federal Rule of Civil Procedure 4(m) or for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## II.   DISCUSSION

The Court finds that Plaintiff's failure to respond to Holdco and PSP's Motion to Dismiss in the three months since it has been filed constitutes an abandonment of his claims against them. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator*

*Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [that] claim"); *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citations omitted)); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989) (table) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). This is particularly the case "where the plaintiff is represented and does not need the leeway provided to pro se litigants." *Blostein v. J.P. Morgan Chase Bank, N.A.*, No. 22-12856, 2023 WL 3319917, at *2 (E.D. Mich. May 9, 2023).

The Court notes that even if Plaintiff had responded to the motion, dismissal would still be appropriate. Holdco and PSP argue, *inter alia*, that they have not properly been served and that dismissal is thus proper under Federal Rules of Civil Procedure 12(b)(4) and (5).[1] ECF No. 3, PageID.54. Specifically, Plaintiff

---

[1] The Court makes no ruling at this time as to the merits of the other arguments raised in the Motion to Dismiss other than to reiterate that Plaintiff has waived his opposition to them by failing to respond.

3

attempted service on both defendants by mailing a copy of the Summons and Complaint to a franchisee store, Pet Supplies Plus-Royal Oak. *Id.* at PageID.46 (citing *id.* at PageID.61).

Federal Rule of Civil Procedure 4 governs summons. Rule 4(a)(1) provides, in relevant part, that the summons must name the parties and "be directed at the defendant." Fed. R. Civ. P. 4(a)(1) and (2). Rule 4(b) requires that a "summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). Finally, Rule 4(h) governs service of a corporation, partnership, or association. It provides for service within a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1). In accordance with Rule 4(e)(1), under Michigan law, service of process on a limited liability company can also be made by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by

4

> registered mail, addressed to the registered office of the limited liability company.
>
> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. Rule 2.105(h).

Here, the Summons itself is deficient. It is directed to "New Holdco, LLC d/b/a Pet Supplies Plus- Royal Oak." ECF No. 3, PageID.46. However, Pet Supplies Plus – Royal Oak is not a DBA for Holdco. *Id.* at PageID.55. Indeed, the address on the proof of service Plaintiff filed in the State Court Action is for a DBA of Couet Corp., an unrelated Michigan corporation. *Id.* at PageID.47 (citing *id.* at PageID.78). Thus, the Summons arguably does not name Holdco and PSP; nor is it properly directed at Holdco and PSP in violation of Rule 4(a) (1) and (2).

The manner of service was also deficient. Plaintiff's attempt to issue summons for both Holdco and PSP collectively was improper under Rule 4(b). Additionally, neither the Federal Rules of Civil Procedure nor the Michigan Court rules allow for service on a limited liability company via registered mail in the first instance. *See* Fed. R. Civ. P. 4(h)(1); Mich. Ct. Rule 2.105(h). Even when they do allow for service via registered mail, it must be sent to the "Administrator" as defined by Mich. Comp. Laws § 450.102[2][a]. Nowhere in either rule does it provide for

5

service in the manner Plaintiff attempted. As such, Plaintiff's attempt at service failed to comport with the manner for service prescribed in either the Federal Rules of Civil Procedure or the Michigan Court Rules.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Plaintiff has failed to serve Holdco and PSP. It has been well over 90 days since the State Court Action was filed and over 90 days since this matter was removed to this Court. Holdco and PSP have moved for dismissal and Plaintiff has failed to timely respond. Accordingly, the Court will grant the motion.

Finally, in their Notice of Removal, Holdco and PSP stated on information and belief that Nestle had not been served in the State Court Action. ECF No. 1, PageID.2. Assuming Nestle was, in fact, not served, Plaintiff has made no attempt to properly serve Nestle since this matter was removed to this Court. Plaintiff's claims against Nestle are thus subject to dismissal under Rule 4(m). Alternatively, if Nestle was properly served while this matter was pending in Oakland County Circuit Court, Plaintiff has not attempted to secure a default due to Nestle's failure to answer, or otherwise proceed with his claims against this defendant, in the three and a half months since this case was removed or the three months that it remained

6

pending in state court. Indeed, a review of the docket in the State Court Action indicates that an order to show cause was issued about a week before the matter was removed. *See Leib v. Nestle Purina Petcare*, Case No. 2023-197991-NZ (Oakland Cnty. Cir.). Accordingly, the Court will require Plaintiff to show cause why his claims against Nestle should not be dismissed under Federal Rule of Civil Procedure 41(b) or for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001).

### III. CONCLUSION

Accordingly, for the reasons articulated *supra*, **IT IS HEREBY ORDERED** that Defendants Holdco and PSP's Motion to Dismiss (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is **ORDERED TO SHOW CAUSE** in writing within **thirty (30) days** why his claims against Nestle should not be dismissed under Federal Rule of Civil Procedure 4(m) or for failure to prosecute under Federal Rule of Civil Procedure 41(b).

7

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager